UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY DANIELLE BROWN, <br>     Plaintiff, <br> v. <br> MEGAN BRENNAN, <br>     Defendant. | Case No. 19-cv-05797-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION TO APPOINT COUNSEL** <br> Re: Dkt. No. 10 |

Misty Danielle Brown sues the Postmaster General of the United States Postal Service for employment discrimination under Title VII of the Civil Rights Act of 1964. (Dkt. No. 1.)[1] On October 10, 2019, the Court granted Plaintiff's application to proceed in forma pauperis and ordered service of summons upon reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2). Now before the Court is Plaintiff's motion to appoint counsel. (Dkt. No. 10.) After careful consideration the Court DENIES Plaintiff's motion.

A plaintiff has no constitutional right to appointment of counsel in a civil action. *See United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). A court may, however, appoint counsel for indigent parties under 28 U.S.C. 1915(e)(1). *Id.* at 1181. Such appointments are within "the sound discretion of the court and are granted only in exceptional circumstances." *Id.* In determining whether exceptional circumstances exist, courts should evaluate "the likelihood of the plaintiff's success on the merits and . . . the plaintiff's ability to articulate [her] claims in light

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation marks and citation omitted).

Here, the Court is satisfied that Plaintiff is capable of pursuing her employment discrimination claims without the assistance of counsel, regardless of the likelihood of her success on the merits. Plaintiff recently represented herself in an employment discrimination claim in this District against the same defendant and submitted a thorough memorandum and 23 exhibits and 7 witness declarations in opposition to the defendant's motion for summary judgment. (*See generally* Dkt. Nos. 109-117 (*Brown v. Brennan*, 3:16-cv-06972-EDL).) Thus, Plaintiff can articulate her claims and understands the legal issues involved. For the same reasons, Plaintiff's conclusory assertion that she "suffer[s] from a medical condition that would prevent [her]" from properly pleading her case is unpersuasive. (*See* Dkt. No. 10 at 2.) Although the Court is sympathetic to Plaintiff's condition, her complaint contains detailed factual allegations in support of her employment discrimination claims and there is no indication that Plaintiff is unable to effectively prosecute her case.

Accordingly, the Court denies Plaintiff's motion because Plaintiff fails to demonstrate the exceptional circumstances necessary to warrant appointment of counsel.

This Order disposes of Docket No. 10.

**IT IS SO ORDERED.**

Dated: December 2, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY DANIELLE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>MEGAN BRENNAN,<br><br>    Defendant. | Case No. 19-cv-05797-JSC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on December 2, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Misty Danielle Brown
51 Fairway Drive
South San Francisco, CA 94080

Dated: December 2, 2019

                                             Susan Y. Soong
                                             Clerk, United States District Court

                                             By: /s/ Ada Means
                                             Ada Means, Deputy Clerk to the
                                             Honorable JACQUELINE SCOTT CORLEY