UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY DANIELLE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEGAN BRENNAN,<br><br>　　　　Defendant. | Case No. 19-cv-05797-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Misty Danielle Brown, representing herself, sues her employer the Postmaster General of the United States Postal Service ("Defendant") alleging employment discrimination under Title VII of the Civil Rights Act of 1964; specifically, retaliation arising from a disability discrimination complaint Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC").[1] (Dkt. No. 1.)[2] Now before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 20.) After careful consideration of the parties' briefing and having had the benefit of oral argument on February 6, 2020, the Court GRANTS Defendant's motion because Plaintiff fails to state a claim for retaliation under Title VII.

**BACKGROUND**

**I.　Complaint Allegations**

Plaintiff has been employed by Defendant since 1998. She suffered "an industrial job-related injury" in May of 2004. (Dkt. No. 1 at ¶ 6.) In 2010, "Plaintiff was assigned to a full-time modified limited duty job as a Carrier Technician" at the USPS Bayview Station in San Francisco,

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 25.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

California. (*Id.*) Plaintiff was demoted in January 2013; following her demotion she contacted the regional Equal Employment Opportunity ("EEO") office through her representative. (*Id.*) Plaintiff subsequently filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") and was allegedly subjected to retaliatory treatment that is the subject of another action in this District; that action is currently on appeal. *See Brown v. Brennan*, No. 3:16-cv-06972-EDL ("*Brown I*").

The gravamen of Plaintiff's complaint is that Defendant subjected her to the following retaliatory treatment for filing an appeal in August 2014 with the EEOC's Office of Federal Operations in connection with the above-referenced EEOC complaint: (1) on August 28, 2014, Defendant altered eight hours of Plaintiff's previously-approved sick leave to "leave without pay" and subsequently did not pay her for that time; and (2) between September 27, 2014 and October 9, 2014, Defendant failed to provide Plaintiff with timely notice of her work assignments. (*Id.* at ¶¶ 7, 11; *see also id.* at 13.) On October 20, 2014, Plaintiff filed a complaint with the regional EEO office regarding this alleged discrimination. (*Id.* at ¶ 13.) She then filed a formal EEOC complaint "on or about November 20, 2014." (*Id.*) The EEOC issued its decision in June 2019, and Plaintiff received a notice-of-right-to-sue letter on June 18, 2019. (*Id.* at ¶ 14; *see also id.* at 9.)

Due to Defendant's conduct, Plaintiff has "suffer[ed] serious economic and emotional damage" and been "on unpaid leave since late 2014." (*Id.* at ¶ 11.)

**II.   Procedural History**

Plaintiff filed her complaint in September 2019, alleging two Title VII claims for retaliation for "engaging in prior EEO activity." (*Id.* at ¶¶ 4-5, 15-19.) The Court granted Plaintiff's application to proceed *in forma pauperis*, reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), and directed the Clerk of Court to issue the summons. (Dkt. No. 7.) Defendant moved to dismiss thereafter. (Dkt. No. 20.) The motion is fully briefed, (*see* Dkt. Nos. 31 & 33), and the Court heard oral argument on February 6, 2020.

**PRELIMINARY ISSUES**

Generally, "district courts may not consider material outside the pleadings when assessing

2

the sufficiency of a complaint" on a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). There are, however, "two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* In support of its motion, Defendant asks the Court to take judicial notice of several exhibits and asserts that the incorporation-by-reference doctrine applies to another.

## I. Judicial Notice

Pursuant to Rule 201(b), a judicially noticed adjudicative fact must be one "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests judicial notice of the following: (1) records maintained by the National EEO Investigative Services Office of the United States Postal Service ("USPS") regarding the EEO claims filed by Plaintiff; (2) documents filed in *Brown I*; and (3) that "September 27, 2014 was a Saturday. October 9, 2014 was a Thursday. Two Sundays fell between September 27, 2014 and October 9, 2014." (Dkt. No. 22 at ¶¶ 1, 2, 4.) Plaintiff does not oppose judicial notice of the proffered facts, (*see generally* Dkt. No. 31), and the Court concludes that they are proper subjects of judicial notice as undisputed matters of public record. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts") (internal citation omitted); *see also Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) ("In the context of employment discrimination cases in particular, it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record.") (collecting cases). Accordingly, the Court GRANTS Defendant's request for judicial notice of exhibits A-J to the declaration of Leslie Cedola, EEO Manager for the National EEO Investigative Services Office of the USPS, (Dkt. No. 21 – 21-10, Exs. A-J), and the court's order granting defendant's motion for summary judgment in *Brown v. Brennan*, No. 3:16-cv-06972-EDL, (Dkt. No. 22-2, Ex. B). The Court also takes judicial notice of the requested days of the week in September and October 2014.

**II. Incorporation by Reference**

Courts may consider documents under the incorporation-by-reference doctrine if: (1) "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint," and (2) the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Defendant asserts that the December 2014 USPS "Step B Decision" regarding the grievance Plaintiff's union filed related to the alleged retaliatory conduct at issue is incorporated by reference because the complaint "alleges the contents of the grievance decision." (Dkt. No. 22 at ¶ 3.) The Court agrees. The complaint directly references the contents of the USPS grievance decision as it relates to Plaintiff's second cause of action for retaliation:

> Plaintiff's grievance with the USPS regarding her assignments was resolved by recognizing that, 1) Plaintiff must be allowed to opt on [sic] any assignment that she can perform with her medical restrictions, 2) that she must be provided with a limited duty job offer, including all letter carrier duties she is capable of performing, and 3) that the management violated the applicable collective bargaining agreement ("National Agreement") by failing to provide, or post [the] assignment schedule in the Bayview Station.

(Dkt. No. 1 at ¶ 19.) The complaint also attaches as an exhibit a document related to the grievance proceedings. (*See id.* at 15.) Further, Plaintiff does not dispute the document's authenticity or its relevance. Accordingly, the grievance decision is incorporated by reference and may be considered in adjudicating Defendant's motion.

**DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Alternatively, Defendant moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. However, Defendant's reply briefing demonstrates that Defendant's only substantive argument is that the complaint fails to state a Title VII claim for retaliation. (*See* Dkt. No. 34 at 2.) The Court thus addresses Defendant's motion under the Rule 12(b)(6) standard only.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Thus, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient, as is a complaint that "tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks and citation omitted). When a plaintiff files a complaint without an attorney, as Plaintiff does here, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted).

## I. The Complaint Fails to State a Claim for Retaliation

To state a claim for retaliation under Title VII, a plaintiff must allege that: (1) "she engaged in a protected activity"; (2) her employer "subjected her to an adverse employment action"; and (3) there is a causal link "between the protected activity and the adverse action." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003). The complaint brings two claims for retaliation based on two instances of alleged retaliatory treatment: (1) Defendant altered and deleted eight hours of Plaintiff's dependent sick leave in August 2014; and (2) between September 27, 2014 and October 9, 2014, Defendant failed to provide Plaintiff with timely notice of her work schedule and assignments. (*Id.* at ¶¶ 7, 11.) As discussed below, the complaint fails to adequately plead a Title VII retaliation claim as to both instances of alleged retaliation.

### A. Protected Activity

Defendant asserts that Plaintiff's claims fail for the threshold reason "that she has not alleged a Title VII protected activity that could support her claim of retaliation under that statute." (Dkt. No. 34 at 2.) The Court agrees. Plaintiff's form complaint states that her claims are "brought pursuant to Title VII" for "[r]etaliation for engaging in prior EEO activity." (Dkt. No. 1 at ¶¶ 3-4.) The complaint further alleges that the "conduct is discriminatory with respect to the following: Retaliation for engaging in prior EEO activity." The complaint specifies that the retaliation took place after Plaintiff filed an appeal in August 2014 with the EEOC's Office of Federal Operations in connection with the previous EEOC complaint at issue in *Brown I*. Those

allegations are insufficient to allege protected activity under Title VII.

"There is no doubt that filing grievances and pursuing constitutional and statutory remedies are protected activities." *McCarthy v. Brennan*, No. 15-cv-03308-JSC, 2016 WL 946099, at *12 (N.D. Cal. Mar. 14, 2016) (internal quotation marks and citations omitted). However, as this Court has explained:

> [A]lthough [p]laintiff has alleged that he engaged in prior protected activity in the form of EEO claims and union grievances, he fails to identify the statute(s) under which he brought those claims or the nature of those claims. This is problematic because a plaintiff may bring a retaliation claim only under the statute under which he alleged the protected activity—that is, a Title VII retaliation claim can only allege reprisal for engaging in prior protected activity reporting race, religion, gender, and national origin discrimination; an [Age Discrimination in Employment Act of 1967] retaliation claim can only allege reprisal for engaging in prior protected activity reporting age discrimination; and so on.

*Id.* (citing *Passatino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (noting that a plaintiff may establish the first element of a prima facie retaliation claim under Title VII by showing that she engaged in activity protected under Title VII)). Plaintiff's opposition asserts that "she is not a lawyer but a Pro Se Plaintiff and simply used the Employment Discrimination Complaint she uploaded under the templates for Pro Se [plaintiffs]." (Dkt. No. 31 at 4-5.)

The Court recognizes that Plaintiff is proceeding pro se and that *Brown I* concerned an EEO proceeding for disability discrimination brought under the Rehabilitation Act, 29 U.S.C. § 701. (*See* Dkt. No. 22-2, Ex. B at 12.) Although Plaintiff's opposition does not clarify that this action also arises under the Rehabilitation Act, it does repeatedly reference the prior protected activity in *Brown I*, and it is thus likely that the instant action arises under the same statute. (*See* Dkt. No. 22-2, Ex. B at 12.) Courts apply the same standard when analyzing retaliation claims under the Rehabilitation Act or Title VII. *McCarthy*, 2016 WL 946099, at *12 n.13 (citing *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 n.5 (9th Cir. 2004); *Coons v. Sec'y of the U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). Thus, Plaintiff's failure to plead the underlying statutory basis for the protected activity at issue in her retaliation claim could be cured by amendment.

6

**B. Adverse Employment Actions**

To satisfy the second element of a Title VII retaliation claim, a plaintiff must ultimately show "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("[W]e have held that only non-trivial employment actions that would deter reasonable employees complaining about Title VII violations will constitute actionable retaliation."). Examples of adverse employment actions include: "actions materially affecting compensation, terms, conditions, or privileges of employment," and termination. *McCarthy*, 2016 WL 946099, at *13 (internal quotation marks, alterations, and citation omitted). The Court addresses each alleged adverse employment action in turn.

**1. Deletion of eight hours of approved sick leave**

Plaintiff alleges that Defendant manually altered her approved sick leave and changed it to "leave without pay," thereby "deleting" eight hours of paid sick leave. (Dkt. No. 1 at ¶ 7.) Plaintiff further alleges that upon discovering the discrepancy the following pay period and prior to filing her EEO complaint: "Plaintiff requested an employee emergency advanced payment from prior Bayview Station supervisor Kiwanni Warren for the eight hours dependent sick leave pay that was deleted and changed to leave without pay in hopes of being paid in a timely manner." (*Id.* at ¶ 8.) Defendant denied Plaintiff's request for emergency advance pay and instead "offered a pay adjustment." (*Id.*) Plaintiff alleges that the pay adjustment would have caused her "further adversit[y]" by "delaying [her] pay for an additional two to four weeks" and placing her in a higher tax bracket. (*Id.*) In other words, Plaintiff alleges that Defendant offered to remedy the employment action when Plaintiff brought it to her supervisor's attention, but Plaintiff refused that correction.

The complaint does not plausibly allege a materially adverse employment action that "well might have dissuaded a reasonable [person] from making or supporting a charge of discrimination." *See White*, 548 U.S. at 68. First, an employment action must be "sufficiently

7

final to constitute an adverse employment action." *Brooks*, 229 F.3d at 929-930 (concluding that performance evaluation "was not an adverse employment action because it was subject to modification by the [defendant]"). Drawing all reasonable inferences in Plaintiff's favor, Plaintiff herself alleges that the action was not final; instead, Plaintiff brought it to her supervisor's attention and Defendant attempted to correct the problem by offering "a pay adjustment." *See id.* (concluding that action was not final for Title VII retaliation purposes where defendant accommodated plaintiff's preferences after plaintiff complained about the challenged conduct).

Second, where the action is corrected it cannot serve as the basis for a Title VII retaliation claim. *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1113 (9th Cir. 2000). As alleged here, Defendant attempted to correct the action and Plaintiff refused the pay adjustment because it would delay payment for another two to four weeks and put her in a higher tax bracket. Thus, the only substantive harm alleged by Defendant's action is a two to four-week delay in payment of eight hours of wages. That delay does not plausibly rise to the level of an adverse employment action that would deter a reasonable employee from pursuing a charge of discrimination. In *Kortan*, for example, the defendant gave the plaintiff an undeserved negative performance evaluation; however, the evaluation, when challenged, was corrected. The Ninth Circuit held that the negative performance evaluation therefore did not rise to level of an adverse employment action as a matter of law:

> Kortan was not demoted, was not stripped of work responsibilities, was not handed different or more burdensome work responsibilities, was not fired or suspended, was not denied any raises, and was not reduced in salary or in any other benefit. Thus, Kortan has not shown that her evaluation was discriminatory or retaliatory, or was such an "intolerable" act that it would force an employee to quit.

*Kortan*, 217 F.3d at 1113. The same is true of Plaintiff's allegations here. The alleged delay in paying her for eight hours of work does not plausibly rise to the level of an adverse employment action that would deter a reasonable employee from pursuing a charge of discrimination.

Plaintiff's opposition asserts that she was "greatly dependent upon her fixed income to provide for her dependent children," and the "estimated amount of eight hours totaling three hundred plus dollars that she was not paid for that pay period . . . adversely affected [her]." (Dkt.

No. 31 at 6.) The Court recognizes that hardship. However, the action that produced that hardship was not final, and was instead correctable; indeed, Plaintiff alleges that Defendant offered a correction which Plaintiff refused. Thus, it does not constitute an adverse employment action for purposes of a Title VII or Rehabilitation Act retaliation claim.

### 2. Failure to provide timely notice of work assignments

Plaintiff's second claim for retaliation alleges that Defendant failed to provide Plaintiff with timely notice of her work schedule/assignments between September 27, 2014 and October 9, 2014. (Dkt. No. 1 at ¶ 11.) Defendant asserts that this employment action fails for the same reasons discussed above; specifically, it was not a "final" action as alleged but was instead temporary and "apparently remedied . . . shortly after Plaintiff[ ] complained." (Dkt. No. 20 at 15.) The Court agrees. Plaintiff's complaint alleges that the issue was *resolved* by the USPS internal grievance process in December 2014. (*See* Dkt. No. 1 at ¶ 11 ("Plaintiff was denied timely assignments from September 2014 leading up to October 9, 2014. Plaintiff's grievance with the USPS regarding her assignments was resolved . . . ."); *see also* Dkt. No. 22-1, Ex. A (December 2014 USPS "Step B Decision" resolving Plaintiff's grievance related to Defendant's "fail[ure] to post a weekly schedule for [Plaintiff]" by requiring Defendant to "post a weekly schedule in the Bayview office").) Thus, Defendant's failure to timely notify Plaintiff of her assignments is not an adverse employment action because it was not final; indeed, according to Plaintiff, Defendant remedied the action through its grievance process. *See Brooks*, 229 F.3d at 930 (affirming district court's rejection of retaliation claim where plaintiff complained about the challenged action to defendant and defendant remedied the action).

As Plaintiff credibly explained at oral argument, Defendant's conduct did have an adverse impact on her personally and, indeed, caused her to never return to work. But the test of an adverse employment action is not whether the challenged conduct would dissuade the particular plaintiff from pursuing a charge of discrimination; instead, it is an objective test. *See White*, 548 U.S. at 68-69 (noting that an objective standard for determining whether an employer's conduct would deter a reasonable employee from engaging in protected activity "avoids the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual

9

subjective feelings"). Under binding Ninth Circuit law the facts, as alleged, do not satisfy that objective test.

***

Accordingly, the Court grants Defendant's motion to dismiss. Because Plaintiff is self-represented and proceeding *in forma pauperis*, she must be given leave to amend her "complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted). It is not absolutely clear that she could not plead more facts that, drawing all inferences in her favor, could support a finding that the challenged conduct was an adverse employment decision.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss with leave to amend. Plaintiff is given permission to replead her retaliation claims; she is not given permission to add any other claims. In addition, the retaliation claims should specify whether they are brought under Title VII or the Rehabilitation Act and the nature of the underlying protected activity (for example, specify whether the underlying protected activity is a complaint about disability discrimination or some other protected activity). Finally, Plaintiff must allege facts sufficient to support a plausible inference that she suffered an adverse employment action in retaliation for her appeal.

Any amended complaint must be filed within 21 days of this Order. Failure to file an amended complaint by that deadline will result in dismissal of the complaint with prejudice.

This Order disposes of Docket No. 20.

**IT IS SO ORDERED.**

Dated: February 7, 2020

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge