Misty Danielle Brown
51 Fairway Drive
South San Francisco, California 94080
(415) 756-7704
Email: 1inamillion34@gmail.com

Pro Se Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY DANIELLE BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEGAN BRENNAN, UNITED STATES POSTMASTER GENERAL,<br><br>　　　　　Defendant. | Case No. 3:19-cv-05797-JSC<br><br>**EDITED FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff Misty Danielle Brown ("Ms. Brown" or "Plaintiff") alleges the following against Defendant Megan Brennan, United States Postmaster General, ("Defendant") based on personal knowledge and on information and belief.

**THE PARTIES**

　　　1.　　Plaintiff Misty Danielle Brown is a resident of the San Mateo County of South San Francisco, California.

　　　2.　　Defendant is located at 475 L'Enfant Plaza SW, Washington, D.C., 20260-0010.

1

## JURISDICTION AND VENUE

3. This action is brought pursuant to the Rehabilitation Act, 29 U.S.C. § 701, et seq. and the Court has jurisdiction under 28 U.S.C. section 1331.

4. The venue is proper as many of the events described below took place in San Francisco, California.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. Ms. Brown has been employed with Defendant for over twenty years. She began in 1998 as a Causal City Carrier and 1999 as a Casual Clerk. In December of 2000, Ms. Brown earned a position as a Part-Time City Carrier. Ms. Brown was a good employee and performed her job well.

6. In May of 2004, Ms. Brown suffered a knee injury while performing her duties. Over the next several years, Ms. Brown underwent knee surgeries, required leave to rehabilitate, required work restrictions per her doctors.

7. In 2007 Ms. Brown became a full-time modified regular City Carrier. In 2007 Ms. Brown was assigned a modified regular City Carrier position. In 2009 under the NRP (National Reassessment Process Ms. Brown was removed from her modified assignment and sent home with no work. In September 2010, Ms. Brown was assigned to a full-time modified limited duty Carrier Technician position at Bayview Station in San Francisco, California.

8. Ms. Brown was able to perform the duties of her position with reasonable accommodations. Despite that fact, in the next several years, Defendant engaged in a campaign of retaliation, harassment and discrimination of Plaintiff due to her disability.

9. On January 12, 2013, Ms. Brown was demoted to an unassigned modified full-time regular City Carrier position at Bayview Station. An unassigned position was not comparable with Ms. Brown's original position or her seniority, and was generally a less desirable position. Therefore, on January 15, 2013 Plaintiff through her representative made contact with USPS- EEO District Office. Shortly after, Ms. Brown experienced additional acts of discrimination, harassment and retaliation. For example, Defendant altered Plaintiff's Holiday

Pay such that she was not paid in a timely manner. Additionally, Defendant sent Ms. Brown a notification that her pay was being reduced. Defendant also issued Ms. Brown an unwarranted disciplinary letter. Ms. Brown sought the required EEO counseling and went through the appropriate procedures as to Defendant's foregoing acts of discrimination and retaliation. The foregoing acts up to that point in time became the subject of another lawsuit that was before this Court, *Brown v. Brennan*, No. 3:16-cv-06972-EDL ("Brown I"), which alleged disability discrimination and retaliation under the Rehabilitation Act.

10. In following the appropriate procedures as to the wrongful demotion, reduction in pay, letter of discipline, and holiday pay alteration, Ms. Brown had filed an appeal with the Office of Federal Operations on about August 7, 2014. Defendant received the appeal on August 28, 2014 per its letter to the Office of Federal Operations dated September 3, 2014. Immediately after, Defendant took further action to add to its campaign of retaliation, discrimination and harassment of Ms. Brown.

11. Specifically, Plaintiff discovered on September 12, 2014 that Defendant had changed and altered Plaintiff's time records such that her prior approved 8 hours of sick leave time for about August 28, 2014 was changed to leave without pay, or LWOP. This is despite the fact that Ms. Brown had received approval for dependent sick leave on August 28 and 29, 2014. Ms. Brown is aware of other disabled employees who engaged in EEO activity and experienced similar treatment: Defendant's altering of previously approved leave or employees' time records.

12. Depending on the sick leave pay, Plaintiff requested an "emergency salary pay" pursuant to Defendant's "Employee Emergency Salary Issued Process" for the unpaid time on about August 28, 2014. Per Defendant's the process under "Payroll Work or Leave Adjustments", when an employee whose pay is decreased by 8 or more hours requests an emergency salary, "in addition to the payroll adjustment, the postmaster, manager or supervisor ***must also complete an emergency salary authorization***." The employee is to be "issued a no-fee money order for the authorized amount".

13. Departing from Defendant's own policy, Ms. Warren only offered an adjustment,

3

step one in Defendant's procedure for Leave Adjustments under the Defendant's Employee Emergency Salary Issued Policy. Ms. Brown informed Ms. Warren that if she did not complete both steps of the policy, it [the correction] would be invalid. Ms. Warren informed Ms. Brown that it would cost Defendant to follow both steps of its policy. Ms. Warren refused to carry out the appropriate written procedures listed in Defendant's own policy as to Ms. Brown's request for emergency salary due to Defendant's alteration of Ms. Brown's time records.

14. Ms. Warren became aware of Ms. Brown's prior EEO activity since she had been assigned to the Bayview station previously. Additionally, Ms. Woodard, one of the supervisors Ms. Brown alleged participated in the discrimination and retaliation of her in *Brown I,* notified Ms. Warren of Ms. Brown's EEO activity.

15. Ms. Warren's refusal to follow Defendant's procedures in issuing Ms. Brown emergency salary is a breach of its own policy procedure, would have resulted in delayed pay for two to four weeks and could have placed Ms. Brown in a higher tax bracket.

16. Defendant notified Ms. Brown that Acting 204B Supervisor Leo Chak, altered Ms. Brown's clock rings. Mr. Chak worked at P&C Collections Unit, a separate and independent unit from Ms. Brown's unit, but with the same manager. When Ms. Brown's previous union representative interviewed Mr. Chak, he informed her he could not recall why it was said his employee number was used to delete Ms. Brown clock rings because he does not do usually anything related to the Bayview Station. The EEO investigator did not obtain a statement from Mr. Chak despite his I.D number allegedly being used to delete Ms. Brown's clock rings.

17. Ms. Brown filed a grievance investigation regarding the time alteration on September 2014. Defendant still has yet to have made a proper adjustment to Ms. Brown's improper LWOP designation or provide a reasonable explanation for the deletion.

18. Continuing on with Defendant's campaign of retaliation, discrimination, and harassment of Ms. Brown, Union representative made contact with supervisor Warren on about September 27, 2014, between September 27, 2014 to October 9, 2014, Defendant denied Ms. Brown timely notice of her daily and weekly assignments while other less senior employees who

4

did not engage in EEO activity were notified in advance of their assignments. Defendant also continued to assign Ms. Brown less desirable and harder to manage routes despite her seniority. In contrast, part-time and casual carriers were preassigned routes and provided advance notice of their assignments.

19. The foregoing acts by Defendant were the most recent additions to Defendant's campaign of retaliation and/or retaliatory harassment against Ms. Brown. The foregoing acts materially altered the terms, conditions and benefits of Ms. Brown's employment and made it extremely difficult for Ms. Brown to perform her work.

20. Defendant's acts were hostile, harassing, discriminatory, and retaliatory and due to Plaintiff's prior EEO activity, as demonstrated by: the close temporal proximity to Plaintiff's appeal of the Brown I charge to the Office of Federal Operations EEO, and subsequent disability discrimination and retaliation lawsuit; Defendant's departure from its own written procedures; Defendant's departure from normal practice; Defendant's less favorable treatment of Plaintiff versus employees who did not engage in prior EEO activity and/or were not disabled; Defendant's failures to provide reasonable explanations; Defendant's lack of thorough investigation into its conduct.

21. Due to Defendant's continuing retaliatory harassment and discrimination Ms. Brown experienced, Ms. Brown experienced extreme distress and saw her doctor. He recommended she take a medical leave of absence in October 2014 to recover in a stable environment.

22. Ms. Brown has suffered significant emotional distress, diagnosed depression, a panic disorder, general anxiety disorder, feelings of worthlessness, incessant disruptive negative thinking, insomnia, hyperventilation with shortness of breath and dizziness, tightness of chest, diaphoresis, rapid heart rate, tingling in fingers, tearfulness, extreme changes in appetite and mood, and gastrointestinal symptoms. Ms. Brown first sought medical treatment for these symptoms in December 2012, started taking daily medication in June 2013, and began psychotherapy in June 2013. In October 2014, these feelings increased and returned; therefore,

Ms. Brown increased her treatment and has been unable to return to work to date. Interference with her paychecks, different treatment than others, and her inability to work has caused Plaintiff extreme economic depression and anxiety. She continues to receive psychotherapy and medication for her symptoms, which her doctor finds are directly related to and a result of stress experienced at work.

23. Plaintiff filed an EEO charge with Defendant on October 20, 2014 and with the Equal Employment Opportunity Commission on or about November 20, 2014.

24. On June 18, 2019, Plaintiff received a Notice of Right to Sue dated June 13, 2019.

**FIRST CAUSE OF ACTION**
**RETALIATION**
**(THE REHABILITATION ACT)**

25. Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

26. In doing the things alleged herein, Defendant violated the Rehabilitation Act by taking adverse actions against Plaintiff.

27. Plaintiff engaged in prior EEO activity: an appeal of a charge of disability discrimination and retaliation to the Office of Federal Operations EEO, that is the subject of a subsequent lawsuit that was ongoing as described herein.

28. Defendant was made aware of Plaintiff's prior EEO activity as described herein.

29. Immediately after Plaintiff filed the EEO appeal, within the same month and the next few months, Defendant engaged in an ongoing campaign of retaliation as described herein, including: altering Ms. Brown's prior approved paid sick leave such that she was marked LWOP for eight of the sixteen hours she took for dependent sick leave; failing to provide a reasonable explanation for such alteration; failing to follow Defendant's own procedures to provide emergency salary as a remedy to the wrongful alteration; and failing to timely notify Ms. Brown of her weekly and daily work assignments. As described above, Defendant did not treat other employees, even less senior employees than Ms. Brown in the same less favorable ways.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered

damages as described herein.

31. WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
## RETALIATION – HOSTILE WORK ENVIRONMENT
## (THE REHABILITATION ACT)

32. Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

33. In doing the things alleged herein, Defendant violated the Rehabilitation Act by taking adverse actions against Plaintiff.

34. As discussed above, Plaintiff engaged in prior EEO activity: an appeal of a charge of disability discrimination and retaliation to the Office of Federal Operations EEO, that is the subject of a subsequent lawsuit that was ongoing as described herein. Defendant was made aware of Plaintiff's prior EEO activity as described herein.

35. Plaintiff was able to perform her job with reasonable accommodations.

36. Shortly after Plaintiff filed the EEO appeal, within the same month and the next few months, Defendant engaged in an ongoing campaign of retaliation as described herein, including: altering Ms. Brown's prior approved paid sick leave such that she was marked LWOP for eight of the sixteen hours she took for dependent sick leave; failing to provide a reasonable explanation for such alteration; failing to follow Defendant's own procedures to provide emergency salary as a remedy to the wrongful alteration; and failing to timely notify Ms. Brown of her weekly and daily work assignments. Defendant did not treat other employees, even less senior employees than Ms. Brown, in the same less favorable ways.

37. Defendant's acts materially altered Plaintiff's terms, conditions and benefits of her employment. Defendant's acts were sufficient to and created an abusive working environment.

38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages as described herein.

39. WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant all such relief as may be appropriate including economic and emotional distress damages, interest, costs, attorney's fees, and all such other relief as may be appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial for all issues so triable.

Dated: January 13, 2021

Misty Danielle Brown

Plaintiff In Pro Per