UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY DANIELLE BROWN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MEGAN BRENNAN,<br><br>　　　　　　Defendant. | Case No. 19-cv-05797-JSC<br><br>**ORDER RE: MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Re: Dkt. No. 74 |

Judgment was entered in this matter on March 26, 2021.[1] (Dkt. No. 73.)[2] Before the Court is Plaintiff's motion for extension of time to file notice of appeal. (Dkt. No. 74.) The motion is fully briefed. (Dkt. No. 77.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

Notice of appeal was due within 60 days of entry of judgment. Fed. R. App. P. 4(a)(1)(B)(iii). Notwithstanding that deadline, the Court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Plaintiff's motion for extension, filed within 30 days after the 60 day deadline to appeal, is timely. *See U.S. ex rel. Haight v. Catholic Healthcare W.*, 602 F.3d 949, 954-56 (9th Cir. 2010). As such, the Court may evaluate her showing of excusable neglect or good cause.

"Excusable neglect" is an equitable concept, guided by four factors: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 25.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The factors are elastic and do not create a rigid rule; the Court has considerable discretion to grant or deny an extension. *Pincay v. Andrew*s, 389 F.3d 853, 858-60 (9th Cir. 2004) (en banc) (affirming extension where lawyer relied on paralegal who misread a clear deadline rule, even though "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered," *id.* at 859).

Plaintiff is proceeding in this matter without representation by a lawyer. Despite researching on the website for the Ninth Circuit Court of Appeals, Plaintiff was confused about the deadline and believed she had 90 days to file notice of appeal. Plaintiff appears to have acted in good faith by filing this motion the day after she learned of her mistake. An extension will create minimal delay and no apparent prejudice to Defendant. While Plaintiff sought and was granted several extensions prior to entry of judgment, (*see* Dkt. No. 46), those deadlines provided dates certain, whereas the entry of judgment did not give Plaintiff clear notice of her appeal deadline. (Dkt. No. 73.) The Court agrees with Defendant that Plaintiff's motion did not set forth the specific bases for her confusion, but in its discretion GRANTS the motion.

The deadline to file notice of appeal is **July 12, 2021**. *See* Fed. R. App. P. 4(a)(5)(C).

This Order disposes of Docket No. 74.

**IT IS SO ORDERED.**

Dated: June 28, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge